IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDALL K. PERKINS,

       Petitioner,

v.                                        Civil Action No. 5:16CV182
                                                        (STAMP)

JENNIFER SAAD, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND GRANTING RESPONDENT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

I.   Procedural History

The pro se[1] petitioner, Randall K. Perkins, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). In his petition for habeas corpus, the petitioner challenges the manner in which the Bureau of Prisons (the "BOP") calculated his federal sentence. The action was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. After a preliminary review of the file, the magistrate judge entered an order to show cause directing the respondent to show cause why the writ should not be granted.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Thereafter, the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment. The magistrate judge issued a Roseboro[2] notice to the petitioner, but the petitioner did not file a response to the respondent's motion. The magistrate judge then filed a report and recommendation recommending that this Court grant the respondent's motion to dismiss or, in the alternative, motion for summary judgment and deny and dismiss with prejudice the § 2241 petition. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II. Facts

In May 2008, the pro se petitioner was incarcerated at the Whitley County Detention Center in Kentucky. The petitioner had been arrested and jailed after an individual cooperating with state law enforcement authorities purchased methamphetamine from him. While in the custody of the Commonwealth of Kentucky, the petitioner offered to pay a fellow prisoner to murder the cooperating witness who had purchased the methamphetamine from him. Federal authorities then brought murder for hire charges against the petitioner and borrowed him from state custody, pursuant to a federal writ of habeas corpus ad prosequendum, from July 28, 2008,

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

through July 17, 2009.  On July 16, 2009, the United States District Court for the Eastern District of Kentucky sentenced the petitioner to 92 months in prison, but did not specifically address whether the petitioner's federal sentence would run concurrently or consecutively with his Commonwealth of Kentucky sentence.

On March 1, 2012, the petitioner was released from state custody on parole and delivered into federal custody to serve his federal sentence.  The BOP computed the petitioner's 92-month federal sentence to begin on March 1, 2012, and did not give the petitioner credit for the time he was subject to the federal writ. The petitioner began the administrate grievance process on May 31, 2016.  During the administrative grievance process, the BOP interpreted the petitioner's request for additional credit as a request for a nunc pro tunc[3] designation as a result of the ruling under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).  Accordingly, the BOP conducted a retroactive designation review to determine whether the petitioner's federal sentence should be deemed to have started concurrently with his underlying state sentence.  On December 12, 2016, the BOP denied the petitioner's request for additional credit.

In his petition, the petitioner contends that the BOP failed to award him credit for the time he was in federal custody from

---

[3] "Nunc pro tunc" describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect.  Black's Law Dictionary (10th ed. 2014).

3

about July 28, 2008, to July 17, 2009. He alleges that he was a pretrial state detainee during that period and did not receive state credit for that period. For relief, the petitioner requests jail credit plus "gain time credit" for the period from July 7, 2008, until July 2009. The petitioner also requests that a new computation sheet be prepared with added time credited and reflecting a new release date.

In support of her motion to dismiss or, alternatively, for summary judgment, the respondent argues that the petition lacks merit because the BOP properly calculated the federal sentence. Specifically, the respondent argues that the petitioner's federal sentence did not begin when federal authorities borrowed him from state custody pursuant to the federal writ. Additionally, the respondent contends that the petitioner received credit against his Commonwealth of Kentucky sentence for the entire duration of his federal writ and that the BOP properly declined to award him duplicative credit for this time to reduce his federal sentence. Lastly, the respondent contends that nunc pro tunc designations are within the exclusive discretion of the BOP.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

IV. Discussion

In his report and recommendation, the magistrate judge explained that the Commonwealth of Kentucky did not lose its primary jurisdiction over the petitioner when it lent him to federal authorities pursuant to the federal writ. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run . . . when a prisoner in state custody is produced in federal court pursuant to a federal writ of habeas corpus ad prosequendum."). Furthermore, the petitioner was granted jail credit against his state sentence for the 519 days from his arrest on March 28, 2008, through his sentencing in state court on August 28, 2009. ECF No. 15-1 at 11.

Thus, absent a nunc pro tunc designation by the BOP under 18 U.S.C. § 3621(b), the petitioner cannot receive credit against his federal sentence for the time between July 2008 and July 2009. See Jefferson v. Berkebile, 688 F. Supp. 2d 474, 487 (S.D. W. Va. 2010)

("[T]he BOP . . . has acquired the power to make a nunc pro tunc-i.e., retroactive-designation of a state facility as the official place of imprisonment for a prisoner who has served or is serving time in state custody.") (citing Barden, 921 F.2d at 478). The magistrate judge reviewed the BOP's nunc pro tunc determination under the appropriate abuse of discretion standard and found that the BOP properly considered the required five factors, listed in § 3621(b), before denying the petitioner's request for additional credit. See id. ("A nunc pro tunc designation, like any other designation, must be made in accordance with § 3621(b).") (citing Trowell v. Beeler, 135 F. App'x 590, 594 (4th Cir. 2005)); Trowell, 135 F. App'x at 593 ("We review [the] BOP's decision to grant or deny a prisoner's nunc pro tunc designation request for abuse of discretion.").

Accordingly, the magistrate judge concluded that the BOP did not abuse its discretion and, thus, that the petition should be dismissed with prejudice. This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge

(ECF No. 23) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED.  Additionally, the respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 14) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 4, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE